Panelewen v. Holder

BIA
DeFonzo, IJ
A098 365 034

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of April, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

_____

DEISSY PANELEWEN,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-0930-ag
NAC

_____

FOR PETITIONER: Lawrence Spivak, Jackson Heights, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Ethan B. Kanter, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Deissy Panelewen, a native and citizen of Indonesia, seeks review of a February 6, 2009 order of the BIA affirming the June 11, 2007 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her application for asylum and withholding of removal. *In re Deissy Panelewen*, No. A098 365 034 (B.I.A. Feb. 6, 2009), *aff'g* No. A098 365 034 (Immig. Ct. N.Y. City June 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

In the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-68 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, the government's argument that Panelewen's failure to provide citations in her brief to the

BIA deprives us of jurisdiction "to review any new record citations that Panelewen attempts to provide here," Resp't Br. 26 n.2., is unavailing. "[W]e have never held that a petitioner is limited to the exact contours" of his or her argument to the agency. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005). Here, Panelewen is not presenting the Court with an argument that the agency has not considered; she is merely providing citations to the record.

Panelewen contends that she established past persecution based on her testimony that she was caught up in a riot and that Muslims occasionally disrupted church services she attended. Persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The difference between harassment and persecution is one of degree, which "must be assessed with regard to the context in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006)(emphasis in original).

In this case, the agency considered the context of Panelewen's beating and reasonably found that the mistreatment she suffered was not sufficiently severe to

constitute persecution because, while she testified that she was pulled out of a car and kicked and slapped during a riot, she was neither arrested nor detained. *See id.* (noting that a "minor beating" which might not ordinarily constitute persecution "may rise to the level of persecution if it occurred in the context of an arrest or detention"). Additionally, the agency reasonably concluded that the occasional disruption of church services constituted harassment, not persecution. *See Ivanishvili*, 433 F.3d at 341 (stating that "harassment" does not constitute persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) (finding that the occasional interruption of church services does not itself constitute past persecution).

Panelewen also argues that her case should be remanded under *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), because the agency failed adequately to address her claim that there was a pattern and practice of persecution of Chinese Christians in Indonesia. However, *Mufied* does not require the agency to articulate a precise standard for evaluating pattern and practice claims before we can review the agency's decision. *See Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (per curiam). And, while the IJ did

4

not determine whether Panelewen established a pattern or practice of persecution, substantial evidence supports the BIA's finding that she did not. As an initial matter, Panelewen did not allege that she personally suffered any persecution between the riot incident in 1998 and her departure from Indonesia in 2003. Moreover, her family continued to live in Indonesia without suffering mistreatment rising to the level of persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). The agency reasonably determined that the country conditions evidence upon which Panelewen relied did not compel the conclusion that there is a pattern or practice of persecution of Chinese Christians in Indonesia. *See Santoso*, 580 F.3d at 112 (finding no error in agency's determination that petitioner did not establish pattern or practice of persecution of Chinese Christians in Indonesia based upon an IJ's findings "that religious violence in Indonesia 'was occurring on a very localized basis and was not countrywide,'" and taking judicial notice that Indonesia contains "approximately 6000

5

inhabited islands" and Muslims are not predominant across the country).

Thus, the agency reasonably determined that Panelewen did not establish her eligibility for asylum because she did not demonstrate past persecution or a well-founded fear of future persecution.  *See* 8 U.S.C. § 1101(a)(42)(2006). Because she was unable to meet her burden of demonstrating eligibility for asylum, she necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6